**B. D. Reilly, Respondent, *v.* William Reilly, Appellant.**

**May 29, 1883.**

Contract — Partnership — Evidence — Practice. — In an action on a
contract by which the defendant agreed to pay the plaintiff one-half of
his interest in the net profits realized by the firm of which he was a
member, on a certain contract, the plaintiff need not allege or prove
a settlement between the defendant and his copartner; it is sufficient to
show the net profits on the transaction and the defendant's interest
therein.

Appeal from the St. Louis Circuit Court, Boyle, J.
*Affirmed.*

G. M. Stewart, for the appellant.

E. F. Farish, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition sets forth, in effect, that the defendant and James Reilly were partners composing the firm of James Reilly & Co., engaged in the performance of certain railroad contracts. That, by request of the defendant, the plaintiff performed services, as his agent, manager, and employe, in and about the work and business done under said contracts for which the defendant promised and agreed to pay the plaintiff as follows : —

For services rendered on account of the contract first described in the petition, $500; for services on account of the contract secondly described, one-fourth part of the net profits realized by James Reilly & Co., being one-half of defendant's share thereof, upon the work done under said contract, which said one-fourth part, the petition avers, was the sum of $1,185.88; for services rendered on account of the contract thirdly described, a like one-fourth part of the net profits, which fourth part, the petition avers, was the sum of $1,080.56; for services rendered on account of the contract fourthly described, the sum of $900. Credits are allowed to the defendant, amounting to $537.50. The court, sitting as a jury, found for the defendant, on the first charge in the petition and for the plaintiff on the others, and gave judgment accordingly.

The findings of fact are substantially sustained by the evidence set out in the record. The defendant demands a reversal of the judgment, on the ground that no cause of action is stated in the petition, and also on the ground that the evidence does not warrant any judgment based on the pleadings. Both these grounds depend upon the defendant's underlying proposition that there could be no recovery by the plaintiff of any amount as a fractional part of the profits made by the firm of James Reilly & Co., without averment and proof of a settlement between the partners, and of the

amount of profits, and the fractional interests therein, as ascertained by such settlement.

We are not shown any authority for this method of applying a well known rule relating to the claims of partners against each other, nor do we think that there is one. Each of two partners has an equal ownership in the common fund; so that it can not be said how much belongs exclusively to either one without an accounting and settlement, to show how much each has already received, and how much remains for distribution. As their interests are equal and mutual, so each must have an equal voice in this accounting and settlement, and one can be charged with nothing upon the mere motion of his copartner. So also each is entitled, within the terms of their agreement, to demand of the other a joint accounting and settlement, for the better defining of his rights, liabilities, and interests. If partner A refuse to account, upon the proper demand of partner B, B may compel him to do so, through the aid of a court of chancery. All of these features are foreign to the relation existing between a third party, as a personal creditor, and one of the partners. Perhaps the most striking distinction, which is clearly fatal to the defendant's position, lies in the fact that a creditor of the partner — as the plaintiff in the present case — has no possible means of compelling a settlement between the partners. His demand being against partner A only, he has no claim upon partner B, is in no sort of privity with him, and has no right to bring him into court. Neither partner may desire a settlement, and both may lawfully refuse to make one. Was it ever heard that, in such a case, upon the application of a stranger to the firm, — who has no claim against the firm, and no judgment, lien, or transfer affecting any interest in the firm concerns, — a court of equity could step in between the partners and force them to make a settlement of their private affairs, whether they will or not? Surely not. Yet if the present plaintiff, having a

just demand against the defendant, may not sue upon it, until such time as it may please the defendant and his partner to come to a settlement, or until one partner shall have elected to compel the other in equity, then, since it may be that neither contingency will ever arise, the plaintiff has a right, but is absolutely without a remedy — a condition which the law abhors, as nature does a vacuum.

There is nothing in common between the relations of a creditor to the debtor partner, as an individual who may be sued, and the relations between the partners themselves. The amount of the defendant's share in the profits of his firm is, in the present case, simply a fact, to be proved like any other fact, for the purpose of showing how much, if anything, the plaintiff ought to recover. It differs in nothing as between these parties, from any material fact which may be established by the admissions of a party against his interest. The plaintiff as a witness, testified that the defendant distinctly admitted, in conversations, the amounts of his net profits on the several contracts, as they are respectively stated in the petition. Other facts were also put in evidence, which tended, substantially, to the same result.

We find no error in the record, and must affirm the judgment. All the judges concur.